**Fatos SHALAJ, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–4306–ag.

United States Court of Appeals, Second Circuit.

May 1, 2007.

Gregory Marotta, Belle Mead, NJ, for Petitioner.

David W. Washington, United States Attorney for the Western District of Louisiana, Thomas Burton Thompson, Assistant United States Attorney, Lafayette, LA, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Fatos Shalaj, a native of the former Yugoslavia and citizen of the former state of Serbia–Montenegro, seeks review of an August 24, 2006 order of the BIA affirming the October 28, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fatos Shalaj*, No. A97 400 139 (B.I.A. Aug. 24, 2006), *aff'g* No. A97 400 139 (Immig. Ct. N.Y. City Oct. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the

agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In this case, Shalaj alleged that he had been persecuted, and continued to fear persecution, by the Serbs on account of his Albanian ethnicity, and by the former Kosovo Liberation Army ("KLA") on account of his failure to join them during the war and his support for the Democratic League of Kosovo ("LDK"). The IJ did not make an explicit finding regarding past persecution, on either basis, finding instead that any presumption of a well-founded fear had been rebutted by a fundamental change in country conditions. *See* 8 C.F.R. § 1208.13(b)(1).

### A. *Persecution by the Serbs*

■ The IJ found that, even assuming that Shalaj and his family experienced persecution by the Serbs during the 1990s, Shalaj no longer had a well-founded fear of persecution, in light of the fundamental changes that had taken place in Kosovo since the war ended in 1999. As Shalaj admitted and the background materials confirmed, the Serbian police were no longer present in Kosovo, UN peacekeepers were maintaining internal security, and ethnic Albanians were well-represented throughout the new political and judicial infrastructure. In this light, a reasonable fact-finder would not be compelled to conclude that Shalaj had a well-founded fear of persecution based on his Albanian ethnicity. *See Islami v. Gonzales,* 412 F.3d 391, 396–98 (2d Cir.2005). Moreover, we do not find that the IJ abused his broad discretion in declining to consider explicitly whether Shalaj's case presented the rare circumstance where asylum should be granted based on past persecution alone.

*See id.* at 398 n. 7; *cf.* 8 C.F.R. § 1208.13(b)(1)(iii)(A).

### B. *Persecution by the Former KLA*

■ However, the IJ's consideration of Shalaj's claim to fear persecution from former KLA members, on account of his LDK support, was inadequate. Shalaj testified that after two KLA affiliates overheard him and a friend discussing KLA brutalities in a café in April 2003, both were severely beaten. He also testified that, until he left Kosovo in August 2003, he continued to receive death threats from individuals who called him a traitor for supporting the LDK rather than the KLA. He further claimed that the authorities would not be able to protect him, because they had not been able to protect similarly situated individuals. While the IJ described this claim as "not coherent," he never made an adverse credibility finding, and his analysis as a whole appeared to treat Shalaj's allegations as true. Therefore, we reject the government's recommendation that we dismiss this portion of the claim on credibility grounds.

■ Moreover, to the degree the IJ found that this claim was inadequately corroborated, we find that he overlooked several details in the 2003 State Department report and other background materials that were consistent with Shalaj's allegations. The State Department report indicated that a number of LDK politicians, journalists, and bodyguards had been murdered in 2001 and 2002, and that the murders remained unsolved. A 2003 International Helsinki Committee report indicated that relations between the LDK and parties affiliated with the former KLA remained tense, and that LDK members who were known rivals of the KLA had been murdered in 2002 and 2003. Although Shalaj had the burden to prove that the authorities would be unable or unwilling to

protect him from such violence, the IJ's conclusion that he failed to meet this burden cannot be sustained, when he gave no indication that he considered this relevant evidence. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006).

 Moreover, to the extent the IJ also intended to deny this portion of Shalaj's claim based on a finding of changed country conditions, he did not identify any changes in Kosovo post-dating Shalaj's departure in August 2003. Instead, the IJ's discussion of changed country conditions related only to changes immediately following the end of the war in 1999. Although we recognize that a generalized finding of changed country conditions may be adequate when such changes are well-known, *see Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006), the IJ did not identify, nor does the record suggest, any major change in Kosovo after 2003. For this reason, and because of the IJ's error with respect to corroboration, we find that Shalaj's claim of persecution by the KLA warrants further attention, and remand his asylum and withholding claims, to the extent they rest on this allegation. *See Gjolaj v. BCIS,* 468 F.3d 140, 143–44 & n. 2 (2d Cir.2006). Finally, we find that the IJ also failed to consider this allegation adequately in the context of Shalaj's CAT claim, and remand that claim for further analysis as well.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).